985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary F. YOUNG, Defendant-Appellant.
 No. 92-50308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary F. Young appeals the sentence imposed under the United States Sentencing Guidelines, following his jury trial, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Young claims the district court erred by refusing to grant him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 U.S.S.G. § 3E1.1(a) authorizes a two-level reduction in a defendant's base offense level for acceptance of responsibility. A defendant who pleads guilty is not automatically entitled to this adjustment. U.S.S.G. § 3E1.1, comment. (n. 3); see United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). We will not disturb a district court's determination whether a defendant has accepted responsibility unless it is without foundation. Id. (denial of reduction founded where defendant told conflicting stories and minimized his involvement in the offense). After considering a defendant's objections, the district court may adopt the presentence report's facts and recommendations. United States v. Corley, 909 F.2d 359 (9th Cir.1990).
 
 
 4
 Young, a convicted felon, pawned a 12-gauge shotgun in Los Angeles on March 21, 1990. At a change of plea hearing on February 20, 1992, he explained that he had pawned the gun as a favor to a friend whose identification had expired. Although Young admitted using his identification and claiming ownership to pawn the gun, he denied ever touching it.
 
 
 5
 Although the Assistant United States Attorney suggested that these facts were sufficient to prove constructive possession, the district court doubted that "there [was] such a thing as constructive possession in this crime," and declined to accept Young's guilty plea for lack of a factual basis.
 
 
 6
 At trial, the government presented evidence showing that Young pawned the shotgun charged in the indictment at least four separate times, and redeemed it at least once. The pawn shop owner testified that in California, only the owner of a firearm could pawn or sell it, and that the shop would not allow a third person to use his identification to pawn or redeem another person's firearm.
 
 
 7
 The jury entered a guilty verdict. In his presentence interview, Young continued to deny that he owned, possessed or touched the shotgun. He told his probation officer that he had pawned the gun for his girlfriend, and enlisted two assistants to carry it (PSR at 3). Because Young persisted in denying that he had ever possessed the gun, the probation officer recommended against granting him credit for acceptance of responsibility.
 
 
 8
 The district court adopted the presentence report at sentencing and declined to grant Young credit for acceptance of responsibility. Young argues that his original statement, which tended to prove constructive possession, was enough to sustain his conviction, and therefore enough to earn him credit for acceptance of responsibility. We disagree. Admitting commission of the offense is not the same as accepting responsibility. See Smith, 905 F.2d at 1301. In light of the two different stories Young told, and the evidence at trial which tended to belie both versions, the district court's determination that Young did not accept responsibility was well founded. See id., 905 F.2d at 1302.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3